# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JARREL EMMETT MAPP,

    Petitioner,

v.                                                   Case No. 3:19-cv-896-J-32PDB

STATE OF FLORIDA, et al.,

    Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate at the Jacksonville Sheriff's Office Pretrial Detention Facility, initiated this action by filing a document titled "Out of Time by Leave of Court." Doc. 1. He requests "leave of Court to file a notice of removal of criminal prosecution, from Duval County Florida Court, to United States District Court, Middle District, Jacksonville Division." Id. at 1. In support of his request, Petitioner argues that the state and the Jacksonville Sheriff's Office are "without the retained jurisdiction under state and federal laws[] to investigate and bring enforcement actions[] in connection with securities or securities transactions." Id. Petitioner also asserts that his "very detainment" is a violation of his due process rights; the Information filed in his state court criminal case is fundamentally defective; and that the state is violating his double jeopardy rights by charging him with two offenses for

the same transaction.[1] Id. at 1-2.

A review of Petitioner's state court docket reveals that on February 7, 2019, a jury found Petitioner guilty of three counts of filing fraudulent liens; two counts of filing false documents that affect real property; one count of organized fraud; and two counts of burglary of a dwelling. See State v. Mapp, 16-2018-CF-6136 (Fla. 4th Cir. Ct.). The trial court has not yet sentenced Petitioner and his next status conference is set for September 3, 2019. Id.

Insofar as Petitioner requests removal of his state criminal prosecution to federal court, Petitioner cites no valid statutory basis to support removal of his ongoing state criminal case.[2] See, e.g., Pridgeon v. Florida, No. 3:16-cv-473-J-34PDB, 2016 WL 5844154, at *4-*5 (M.D. Fla. Jun. 20, 2016) (noting that removal of a state criminal case to federal court is governed by 28 U.S.C. §§ 1443 and 1445, and that the plaintiff's failure to satisfy statutory requirements made removal improper). Instead, Petitioner largely challenges the constitutionality of his pre-trial/pre-sentencing detention. Those claims may be raised through a habeas corpus petition filed under 28 U.S.C. § 2241. See id. at *8 n.7 (citing Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261-62

---

[1] Petitioner also references the § 2254 petition he filed with this Court, alleging "eleven due process violations, including denial of legal mail and tampering with video evidence." Doc. 1 at 1. This Court dismissed that petition without prejudice as premature. See Mapp v. Sec'y Fla. Dep't of Corr., No. 3:19-cv-793-J-32PDB (M.D. Fla. July 10, 2019) (Doc. 3).

[2] Petitioner cites to 15 U.S.C. § 77r(c)(1)(A) in support of his removal request. Doc. 1 at 1. However, that statute does not support removal of a state criminal case to federal court.

2

(11th Cir. 2004), for the proposition that § 2241 is the appropriate statute for a writ of habeas corpus if the prisoner is in pre-trial custody); see also Mercer v. Stirling, No. 0:14-cv-2607-RBH, 2015 WL 1280618, at *5, *6 n.5 (D.S.C. Mar. 20, 2015) (noting that "a state pretrial/presentencing detainee may use § 2241 to challenge the legality of his pretrial/presentencing detention"). The Court has approved a form for § 2241 habeas corpus cases. Petitioner will be provided with a copy of that form.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice and close the file.

3. The Clerk shall send Petitioner a § 2241 habeas corpus petition form. Petitioner should use the form if he decides to initiate a new case in this Court. He should not put this case number on the form, because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida, this 21st day of August, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
c: Jarrel Emmett Mapp, #201900797

3